KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
5550 Painted Mirage Rd.
Suite 320
Las Vegas, NV 89149
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE DIANE LA CARIA, on behalf of herself and all others similarly situated; | Case No.: |
| Plaintiff, | |
| vs. | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| NORTHSTAR LOCATION SERVICES, LLC, A New York limited liability company, and JOHN DOES 1-10. | **JURY DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff, NICOLE DIANE LA CARIA, (hereinafter referred to as "PLAINTIFF"), on behalf of herself and all others similarly situated, by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against Defendant, NORTHSTAR LOCATION SERVICES, LLC (hereinafter referred to as "NLS") and JOHN DOES 1-10, NLS' officers and directors, jointly referred to as "DEFENDANTS" and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1.      PLAINTIFF brings this action for statutory damages arising from DEFENDANTS violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

- 1 -

**JURISDICTION AND VENUE**

2.      The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

**PARTIES**

4.      PLAINTIFF NICOLE DIANE LA CARIA is a natural person residing in Henderson, Nevada.

5.      PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6.      PLAINTIFF allegedly owes a (past due) student loan consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7.      DEFENDANT Northstar Location Services, LLC, is a New York limited liability company, which regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another and is, thus, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      DEFENDANTS JOHN DOES 1-10 are officers and directors of Northstar Location Services, LLC, and regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another and are, thus, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.      PLAINTIFF does not know the names of Northstar Location Services, LLC's officers and directors. PLAINTIFF will move to substitute JOHN DOES 1-10 with those identities, upon receipt.

**STATEMENT OF FACTS**

10.      PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 9 inclusive, above.

11.    PLAINTIFF incurred a student loan obligation for the purpose of attaining a degree from the International Academy of Design and Technology in Henderson, NV.

12.    The creditor, Navient, transferred the student loan obligation to DEFENDANTS for collection.

13.    On December 26, 2017, DEFENDANTS sent, or caused to be sent, the initial collection letter, attached hereto as Exhibit 1, to collect on the allegedly delinquent Navient student loan debt.

14.    Exhibit 1 provides in pertinent part: "this communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose."

15.    Also on December 26, 2017, NLS called PLAINTIFF and left the following voicemail message:

> Yes, very important message from Northstar Location Services. This is a call from a professional debt collector, please call back at 855-454-1082. Thank you.

16.    NLS failed to provide the disclosure "this communication is from a debt collector and is an attempt to collect a debt and that any information obtained will be used for that purpose" required by 15 U.S.C. § 1692e(11),.

17.    PLAINTIFF was confused by DEFENDANTS' telephone message.

18.    DEFENDANTS JOHN DOES 1-10 created, approved, directed, and supervised the preparation and sending of letters in the form of Exhibit 1 and placing of telephone calls with the message of the December 26, 2017 call to Plaintiff and the class members.

## DEFENDANTS' ROUTINE PRACTICES

19.    It is and was the routine policy and practice of DEFENDANTS to send letters in the form of Exhibit 1 and place telephone calls to residents of Nevada on the same day.

**CLASS ACTION ALLEGATIONS**

20.    PLAINTIFF repeats, re-alleges, and incorporates by reference paragraphs 1 through 19 inclusive, above.

21.    This action is brought on behalf of a class of similarly situated persons defined as (i) all Nevada residents to whom NLS sent a letter in the form of Exhibit 1 (ii) which was not returned as undeliverable (iii) in an attempt to collect a debt incurred for personal, family, or household purposes as shown by Defendants or the creditors' records (iv) who were called by NLS on the same day that Exhibit 1 was dated as sent (v) and were not notified during the call that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" (vi) during the one year prior to the filing of this lawsuit

22.    Based on DEFENDANTS' use of documents in the form of Exhibit 1, the class is so numerous that joinder of all members is impractical.  There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members. The principal legal question is whether DEFENDANTS' sending letters in the form of Exhibit 1 and placing telephone calls omitting language "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" on the same day violated 15 U.S.C. §§ 1692e, e(10), and e(11).

23.    Plaintiff's claims and those of the class are based on the same facts and legal theories.

24.    Plaintiff will fairly and adequately represent the interests of the class members.

25.    Plaintiff has retained counsel experienced in class actions and debt collection abuse cases.

26.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

- 4 -

27.    Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

(a)    The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

(b)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e, e(10), AND (11) BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS

28.    PLAINTIFF repeats, re-alleges, and incorporates by reference paragraphs 1 through 27 inclusive, above.

29.    The FDCPA requires a debt collector to disclose to the consumer, "if the initial communication with the consumer is oral...that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. §1692e(11).

30.    On December 26, 2017, DEFENDANTS sent, or caused to be sent, their initial collection letter, attached hereto as Exhibit 1, to collect on an allegedly delinquent Navient student loan debt.

31.    The letter was not received by PLAINTIFF on December 26, 2017.

32.    Also on December 26, 2017, DEFENDANTS called PLAINTIFF and left the following voicemail message:

Yes, very important message from Northstar Location Services. This is a call from a professional debt collector, please call back at 855-454-1082. Thank you.

33.    Due to the nature of DEFENDANTS' communications with PLAINTIFF, their December 26, 2017 collection call reached her before their initial collection letter dated the same day.

34.    While DEFENDANTS included the proper 15 U.S.C. §1692e(11) disclosure in their initial collection letter, the phone call was DEFENDANTS' initial *communication* with PLAINTIFF.

35.    DEFENDANTS violated the FDCPA by failing to provide, in its initial communication, "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. §1692e(11).

36.    DEFENDANTS mislead and confused the least sophisticated consumer in violation of 15 U.S.C. §1692e(10) by failing to provide, in its initial communication, "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."

37.    Upon information and belief, it is or was DEFENDANTS' policy and procedure to send Exhibit 1 and call the consumer on the same day with only the initial collection letter notifying consumers "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."

38.    PLAINTIFF has been deprived of her legally protected right to receive the disclosure required pursuant to 15 U.S.C. § 1692e(11), and therefore has standing for the purposes of Article III.

39.    DEFENDANTS' December 26, 2017 telephone call to PLAINTIFF confused and mislead PLAINTIFF in violation of 15 U.S.C. §1692e(10).

40.    It was necessary for PLAINTIFF to obtain the services of an attorney regarding DEFENDATNS' December 26, 2017 telephone call.

**DEMAND FOR JURY TRIAL**

41. Please take notice that PLAINTIFF demands trial by jury in this action.

**REQUEST FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully requests that this Court grant the following relief

in PLAINTIFF's favor, and on behalf of the class, and that judgment be entered against DEFENDANTS for the following:

    (1)    Certify this matter to proceed as a class actuin pursuant to Rule 23;

    (2)    For statutory damages awarded to PLAINTIFF, not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    (3)    For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANTS;

    (4)    For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

    (5)    For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

    (6)    For any and all other relief this Court may deem appropriate.

    DATED this 21st day of February 2018.

*/s/ Keren E. Gesund, Esq.*
KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
5550 Painted Mirage Rd.
Suite 320
Las Vegas, NV 89149
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com

O. Randolph Bragg
Horwitz, Horwitz& Associates
25 East Washington Street, Suite 900
Chicago, IL 60602
1 (312) 372-8822
1 (312) 372-1673 - Fax
rand@horwitzlaw.com

Attorneys for Plaintiff
