UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NICOLE DIANE LA CARIA,<br><br>                      Plaintiff,<br>v.<br>NORTHSTAR LOCATION SERVICES, LLC,<br>                      Defendant. | Case No. 2:18-cv-00317-GMN-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to File her Motion for Class Certification Under Seal (ECF No. 46), filed on November 22, 2018. Also before the Court is Plaintiff's Motion to File her Opposition to Defendant's Motion to Deny Class Certification Under Seal (ECF No. 48), filed on November 26, 2018.

Plaintiff requests leave to file her motion for class certification (ECF No. 45) and her opposition to Defendant's motion to deny class certification (ECF No. 47) under seal. Plaintiff represents that Defendant has designated its documents produced during discovery as confidential pursuant to the parties stipulated protective order. *See* ECF No. 13. Plaintiff references and attaches certain documents that are designated as confidential in her filings and requests that they be sealed on that basis.

The Ninth Circuit comprehensively examined the presumption of public access to judicial files and records in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). There, the court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery and materials attached to dispositive motions. The *Kamakana* court held that a "good cause" showing is sufficient to seal documents produced during discovery. *Id.* at 1180. However, the *Kamakana* decision also held that a showing of "compelling reasons" is needed to support the secrecy of documents attached to dispositive motions. The reason

1

1   for the difference between the two standards is that "[n]ondispositive motions are often unrelated,
2   or only tangentially related, to the underlying cause of action, and, as a result, the public's interest
3   in accessing dispositive materials does not apply with equal force to non-dispositive materials."
4   *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 678 (9th Cir. 2010).

5   The Ninth Circuit has clarified that the descriptions of "dispositive" and "nondispositive"
6   were not intended to morph into mechanical classifications. *Ctr. for Auto Safety v. Chrysler Grp.,*
7   *LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). Non-dispositive motions are not always unrelated to
8   the underlying cause of action. *Id.* The focus is on whether the motion at issue is more than
9   tangentially related to the underlying cause of action and the "compelling reasons" standard applies
10  when the motion is more than tangentially related to the merits of a case. *Id.* at 110. The Ninth
11  Circuit has not ruled on whether a motion for class certification is considered a dispositive motion
12  for the purpose of determining whether the compelling reasons standard applies to a request to
13  seal. *English v. Apple Inc.*, 2015 WL 13427750, at *2 (N.D. Cal. Aug. 6, 2015). There may be
14  instances in which a motion for class certification is effectively case dispositive to the extent that
15  the "denial of class status means that the stakes are too low for the named plaintiffs to continue the
16  matter." *See In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL
17  163779, at *2 n.1 (N.D. Cal. Jan. 15, 2013); *see also In re Seagate Tech. LLC*, 326 F.R.D. 223,
18  246 (N.D. Cal. 2018) ("The products at issue sold for significantly less than the filing fee to bring
19  an action in this court, and the court concludes that under such circumstances individual litigation
20  would not be practical and class certification is effectively dispositive.")

21  Plaintiff does not address either the "compelling reasons" or "good cause" standards for
22  sealing and fails to explain how the filings it seeks to seal comply with such standards. Further,
23  Plaintiff seeks to seal the entirety of her motion and opposition and is unclear as to what documents
24  or referenced information is confidential under the stipulated protective order. Plaintiff's claims
25  arise from alleged violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §
26  1692, regarding required disclosures during initial communications with consumers. *See*
27  *Complaint* (ECF No. 1). In her motion for class certification, Plaintiff alleges that Defendant left
28  non-compliant voicemails under the FDCPA to 197 accounts in Nevada. *See Motion for Class*

*Certification* (ECF No. 45), 4. Plaintiff's claims appear to be sufficiently limited on an individual basis such that individual litigation would not be practical. The Court, therefore, finds that the "compelling reasons" standard applies. Plaintiff has not provided compelling reasons to justify sealing her motion for class certification or her opposition to Defendant's motion to deny class certification. The Court denies her motions to file under seal without prejudice and Plaintiff may file revised motions under the appropriate standard as to why the documents should remain under seal no later than **December 10, 2018**. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to File her Motion for Class Certification Under Seal (ECF No. 46) and Plaintiff's Motion to File her Opposition to Defendant's Motion to Deny Class Certification Under Seal (ECF No. 48) are **denied**, without prejudice. Plaintiff may filed revised motions to seal no later than **December 10, 2018.**

Dated this 3rd day of December, 2018.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE