# EXHIBIT "5"

Craig J. Mariam  (SBN: 10926)
cmariam@grsm.com
Lynne K. McChrystal (SBN: 14739)
lmcchrystal@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101
Telephone:  (702) 577-9300
Facsimile:  (877) 306-0043

Attorneys for Defendant
NORTHSTAR LOCATION SERVICES, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE DIANE LA CARIA, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>NORTHSTAR LOCATION SERVICES, LLC, A New York limited liability company; and JOHN DOES 1–10.<br><br>Defendant. | CASE NO.: 2:18-cv-00317-GMN-GWF<br><br>Honorable Gloria M. Navarro<br><br>Magistrate Judge George Foley, Jr.<br><br>**DEFENDANT NORTHSTAR LOCATION SERVICES, LLC'S CONFIDENTIAL-FOR ATTORNEY'S EYES ONLY SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET TWO** |

PROPOUNDING PARTY:  Plaintiff, NICOLE DIANE LA CARIA

RESPONDING PARTY:  Defendant, NORTHSTAR LOCATION SERVICES, LLC

SET NO.:  TWO

///

///

///

///

-1-
DEFENDANT NORTHSTAR LOCATION SERVICES, LLC'S <u>CONFIDENTIAL- FOR ATTORNEY'S EYES ONLY</u> SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET TWO

Defendant NORTHSTAR LOCATION SERVICES, LLC ("Responding Party") responds to the Interrogatories, Set Two, of Plaintiff NICOLE DIANE LA CARIA ("Propounding Party"), as follows:

1. Responding Party's responses to Propounding Party's Interrogatories are made to the best of its present knowledge, information and belief. Said responses are at all times subject to additional or different information that discovery or further investigation may disclose and, while based on this present state of Responding Party's recollection, are subject to refreshing of recollection with such additional knowledge or facts that may result from further discovery and investigation. Responding Party reserves the right to make any use of, or to introduce at any hearing and at trial, information responsive to Propounding Party's Interrogatories that is discovered subsequent to the date of these responses, including, but not limited to, any information obtained in discovery herein.

2. Responding Party reserves all objections or other questions as to the confidentiality, relevance, materiality, privilege or admissibility as evidence, in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, of these responses and any documents or things identified in these responses.

3. Responding Party reserves the right to object on any ground at any time to such other or supplemental interrogatories as Propounding Party may at any time propound involving or relating to the subject matter of these Interrogatories.

4. The information set forth in these responses to Interrogatories was obtained from persons currently in the employ of Responding Party or, in the alternative, was gathered by counsel for Responding Party on its behalf.

///

///

-2-
DEFENDANT NORTHSTAR LOCATION SERVICES, LLC'S CONFIDENTIAL- FOR ATTORNEY'S EYES ONLY SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET TWO

# GENERAL OBJECTIONS

Responding Party makes the following general objections, whether separately set forth:

1. Responding Party objects generally to the extent that any of the Interrogatories seek information protected by the attorney-client privilege and/or attorney work product privilege. Such information shall not be provided in the responses to Propounding Party's Interrogatories and any inadvertent disclosure thereof shall not be a waiver of any privilege with respect to such information or any attorney work product privilege which may attach thereto.

2. Responding Party objects generally to the extent that any of the Interrogatories seek to require it to identify persons, entities, or events not known on the grounds that such instructions, definitions, or requests are overbroad and seek to require more of Responding Party than any obligation imposed by law, subject Responding Party to unreasonable and undue annoyance, oppression, burden and expense, and seek to impose upon Responding Party an obligation to investigate or discover information or material from third parties or sources which are equally accessible to the parties.

# SPECIFIC RESPONSES TO INTERROGATORIES

Without waiving or rebutting in any manner any of the foregoing general objections, but rather incorporating them into each of the following responses to the extent applicable, Responding Party responds to Propounding Party's Interrogatories as follows:

**INTERROGATORY NO. 17:**

Please state the number of persons to whom Defendant left a telephone message (as defined above) on the same day Defendant sent, or caused to be sent, a collection letter in the form of Exhibit 1, in an attempt to collect on a Navient debt, during the relevant time period.

**RESPONSE TO INTERROGATORY NO. 17:**

Responding Party hereby incorporates its General Objections. Responding Party further objects to this Interrogatory to the extent that it seeks disclosure of privileged information, including information protected by the attorney-client privilege or work product doctrine, including protected expert discovery, self-critical analysis doctrine or any other applicable privileges.

Responding Party further objects to this Interrogatory on the grounds that it is highly burdensome because, among other material issues, a response, unlikely to be accurate in any event, would require a detailed and extensive manual review of every single call and every single recording—if such exists—for every single account associated with Navient, to determine the date and time of each call and whether a message was left. Further, Responding Party would, after all of this effort, be required to manually review each and every debt collection assignment (which are received from Navient in an indiscernible, bulk manner) to determine whether a collection letter in the form of Exhibit 1 was sent on the same day that a voicemail was left. To even provide an inaccurate number, which is all that is likely to provided after such extensive review (and which would not serve the interests of justice), the request would likely, if at all possible, take upwards of many months to a year, or more, to investigate, while forcing the expenditure of significant costs and manpower, all to the extreme detriment and prejudice of Responding Party. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the . . . whether the burden or expense of the proposed discovery outweighs its likely benefit."); *see Munoz-Santana v. U.S. Immigration & Naturalization Serv.*, 742 F.2d 561, 563 (9th Cir. 1984) (finding district court abused its discretion in order discovery where cost of compliance was great and need was not especially great); *Windisch v. Hometown*

*Gordon Rees Scully Mansukhani, LLP*
*300 S. 4th Street, Suite 1550*
*Las Vegas, NV 89101*

*Health Plan, Inc.*, No. 3:08-cv-00664-RCJ (WGC), 2011 U.S. Dist. LEXIS 151486, at *29 (D. Nev. Jan. 13, 2011) (finding undue burden and expense where manual review would involve millions of reimbursement claims); *Barnum v. Equifax Info. Servs., LLC*, No. 2:16-cv-02866-RFB-NJK, 2018 U.S. Dist. LEXIS 39424, at *4-5 (D. Nev. Mar. 9, 2018) (denying motion to compel where defendant presented declaration explaining that compliance with the discovery "would require an individualized review of millions of files.").

      Responding Party further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome insofar as it is beyond the permissible scope of discovery and is premature, as it seeks discovery for a putative class that has not been certified, and discovery should be limited to class certification issues in order to avoid discovery concerning putative class members in the event class certification is denied in this lawsuit. *See Sinanyan v. Luxury Suites Int'l, LLC*, No. 2:15-cv-225-GMN-VCF, 2016 U.S. Dist. LEXIS 38693, at *9 (D. Nev. Mar. 23, 2016) ("Pre-certification class discovery may be denied when, the plaintiff fails to show a "prima facie case for class relief under Rule 23 or that discovery [will] likely produce substantiation of the class allegations."); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975) ("Whether or not discovery will be permitted in a case of this nature lies within the sound discretion of the trial court."); *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) ("[T]he plaintiff bears the burden of advancing a *prima facie* showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion.").

      Responding Party further objects to this Interrogatory on the grounds that it constitutes an impermissible attempt to circumvent the twenty-five interrogatory limit set by Fed. R. Civ. P. 33(a)(1), which provides in relevant part that "[u]nless

-5-
DEFENDANT NORTHSTAR LOCATION SERVICES, LLC'S <u>CONFIDENTIAL- FOR ATTORNEY'S EYES ONLY</u> SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET TWO

otherwise stipulated or ordered by the court, a party may serve on any other party no more than twenty-five written interrogatories, including all discrete subparts." Propounding Party's First Set of Interrogatories contained twenty-five or more interrogatories, including all discrete subparts.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: 197 individuals could *potentially* have received a phone call the same day as a letter had been sent. However, Northstar lacks personal knowledge as to whether the individuals, to whom a telephone message was directed, are consumers, debtors, third parties, or even received the telephone message, as Northstar has no means of confirming, with any certainty, the validity of the individuals' telephone numbers. Further, Northstar lacks personal knowledge as to whether, and when, the individuals listened to the telephone messages, if in fact the individuals received the telephone messages. Additionally, Northstar has made a reasonable inquiry concerning the contents of each telephone message, and the information known or readily obtainable is insufficient to enable Northstar to determine whether each telephone message contained the disclosure required by 15 U.S.C. § 1692e(11).

Dated: October 8, 2018

GORDON REES SCULLY MANSUKHANI, LLP

By: ___/s/ *Craig J. Mariam*
Craig J. Mariam
Lynne K. McChrystal
Attorneys for NORTHSTAR LOCATION SERVICES, LLC

-6-
DEFENDANT NORTHSTAR LOCATION SERVICES, LLC'S <u>CONFIDENTIAL- FOR ATTORNEY'S EYES ONLY</u> SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET TWO

# VERIFICATION

I, Aaron Castlevetere, hereby declare:

I am the Chief Operating Officer for Northstar Location Services LLC, the defendant in the above-entitled action, and I have been authorized to make this verification on its behalf. I have read the foregoing DEFENDANT NORTHSTAR LOCATION SERVICES, LLC'S AMENDED RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET TWO, on file herein and know the contents thereof. To the extent I have personal knowledge of the matters set forth therein, the same are true and correct. Insofar as said matters are a composite of the information of many individuals, I do not have personal knowledge concerning all of the information contained in said Responses, but I am informed and believe that the information set forth therein for which I lack knowledge is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 9th, 2018.

_____
Aaron Castlevetere

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of November, 2018, and pursuant to Fed. R. Civ. Pro. 5, I served via CM/ECF a true and correct copy of the foregoing **DEFENDANT NORTHSTAR LOCATION SERVICES, LLC'S CONFIDENTIAL-FOR ATTORNEY'S EYES ONLY SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET TWO** upon those persons designated by the parties in the E-Service Master List.

GESUND & PAILET, LLC
Keren E. Gesund, Esq.
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149
keren@gp-nola.com
*Attorney for Plaintiff*

>                                                   */s/ Gayle Angulo*
>                                                   An Employee of GORDON REES SCULLY MANSUKHANI, LLP